851 F.2d 357
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
John S. FOLIO, a/k/a Sam, Defendant-Appellee.
 No. 87-5646.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 6, 1988.
Decided: July 5, 1988.
 
 Louis M. Fischer (Department of Justice; William A. Kolibash, United States Attorney, on brief), for appellant.
 John Lewis Marks, Jr., for appellee.
 Before DONALD RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States appeals from the judgment of the district court granting the defendant Folio a new trial. This appeal is brought pursuant to 18 U.S.C. Sec. 3731 (1982). We reverse.
 
 
 2
 This case has previously been before this Court. In the initial proceeding, the defendant was convicted by a jury of conspiring to obstruct justice but was acquitted on two substantive counts of obstruction of justice. The district court granted defendant's post-verdict motion for judgment of acquittal on the grounds that the jury's acquittal on the substantive counts of obstruction of justice precluded conviction on the conspiracy count, and that there was insufficient evidence to sustain the conspiracy conviction. This Court reversed the district court's judgment of acquittal and held that the defendant could be convicted of conspiracy even if acquitted on the substantive counts and found that there was sufficient evidence to support the conspiracy conviction. The case was then remanded to the district court with directions to reinstate the judgment of conviction. On remand, the district court did not reinstate the judgment of conviction but rather held extensive hearings and then granted the defendant a new trial.
 
 
 3
 Rule 33 of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court on motion of a defendant may grant a new trial to him if required in the interest of justice." In the instant case, the district court ordered a new trial because the combination of not guilty verdicts and a guilty verdict "could represent some type of compromise verdict that was reached."
 
 
 4
 This is the very ground on which we first reversed and remanded this case. Inconsistent verdicts provide no basis for vacating a verdict or for ordering a new trial. United States v. Powell, 469 U.S. 57 (1984). The district court failed to consider our previous decision directing him to reinstate the jury verdict.
 
 
 5
 Accordingly, the judgment of the district court is reversed and the cause is remanded to the district court with directions to reinstate the judgment of conviction for conspiracy to obstruct justice.
 
 
 6
 REVERSED AND REMANDED.